# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-305


CHERYL LACOUR

VERSUS

CARL CHELETTE, ET AL.


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 192,619,
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

Dele A. Adebamiji
Dele A. Adebamiji & Associates
Post Office Box 80712
Baton Rouge, Louisiana  70898-0712
(225) 927-9006
Counsel for Plaintiff/Appellant:
     Cheryl Lacour

Stacy C. Auzenne
Keiser, Auzenne & Boudreaux
Post Office Box 12358
Alexandria, Louisiana  71315-2358
(318) 443-6168
Counsel for Defendants/Appellees:
     Carl Chelette
     Petrin Corporation

SULLIVAN, Judge.

Cheryl LaCour filed this wrongful death claim and survival action after the death of her son, Kevin LaCour. During the course of the litigation, Ms. LaCour passed away, and Darnell LaCour filed a Motion to Substitute as Plaintiff. Pursuant to an Exception of Lack of Procedural Capacity/Peremptory Exception of No Cause of Action[1] filed by Defendant, Carl Chelette, the trial court dismissed the matter with prejudice. Mr. LaCour appeals. For the following reasons, we reverse and remand for further proceedings.

### *Procedural History*

Mr. Chelette's exception was set for hearing on September 30, 2002. On September 25, 2002, Mr. LaCour filed a Motion for Continuance, and an order granting the continuance was signed September 26, 2002. However, the trial court proceeded with the September 30, 2002 hearing, considered the exceptions filed by Mr. Chelette, and ordered that Mr. LaCour provide documentary evidence of his relationship to Cheryl LaCour within fifteen days. On October 1, 2002, a judgment, ordering Mr. LaCour to provide such evidence within fifteen days or the suit would be dismissed with prejudice, was signed by the trial court.

On October 16, 2002, Mr. LaCour filed a motion for an extension of time to comply with the October 1, 2002 judgment. The motion was denied but not until January 3, 2003. Counsel for Plaintiff asserts in his brief that Mr. Chelette opposed the October 16, 2002 motion for extension and that a hearing on the motion was scheduled for November 4, 2002. However, there is no opposition or order setting a hearing on the motion for extension of time in the record. Counsel further asserts

---

[1]Mr. LaCour's failure to set forth his relationship to Kevin LaCour and/or Cheryl LaCour or his qualifications as the successor of Cheryl LaCour and/or legal representative of Kevin LaCour in his motion to substitute prompted the filing of this exception.

that, without notice of the hearing scheduled for November 4, 2002 being upset, the trial court signed the October 17, 2002 judgment, dismissing the Petition for Damages with prejudice.

Mr. LaCour filed a motion to vacate the October 17, 2002 judgment. Then, prior to the hearing scheduled on the motion to vacate, he filed this appeal. He assigns as error the trial court's proceeding with the September 30, 2002 hearing when a continuance had been granted and the trial court's dismissal of this suit with prejudice.

### *Continuance of September 30, 2002 Hearing*

We first consider whether it was error for the trial court to proceed with the September 30, 2002 when it had been continued. Only one case which addresses this issue has been found. It is dispositive of this appeal. In *Mooney v. Hooper*, 3 La. 444 (1832), on motion of plaintiff's counsel, the scheduled trial date was continued. Unilaterally, defense counsel had the continuance set aside and the matter re-set for trial. Neither the plaintiff nor his counsel appeared for trial on the new date, even after being repeatedly contacted by the sheriff, and judgment of non-suit was rendered in favor of the defendant. Reversing the judgment, the court observed:

> After the cause was continued on the day it was set for trial, we are of opinion, no further proceedings could be had in it, . . . unless notice was given to the plaintiff or his attorney. It does not appear, the continuance was set aside, after hearing both parties, but on the motion of one of them, at a time his adversary was not in court, nor required to be there. The judgment of non-suit growing out of this irregularity, must be set aside.

*Id.* at 445.

The September 26 continuance was not set aside or revoked. Yet, the September 30 hearing proceeded as scheduled. This was error. Both the October 1

2

judgment and the October 17 judgment are the result of the September 30 hearing and were issued through error.  Accordingly, they are reversed, and the matter is remanded for further proceedings.  All costs of this appeal are assessed to Defendant, Carl Chelette.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**